

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

10-25-2005

# Thomas v. Williamson

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-2420

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation
"Thomas v. Williamson" (2005). *2005 Decisions.* Paper 348.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/348

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 05-2420
_____

FRANKIE THOMAS,

Appellant

v.

TROY WILLIAMSON, Warden;
U.S. PENITENTIARY ALLENWOOD;
ATTORNEY GENERAL OF THE UNITED STATES

_____

On Appeal From the United States District Court
For the Middle District of Pennsylvania
(D.C. Civ. No. 05-cv-00278)
District Judge: Honorable Sylvia H. Rambo

_____

Submitted Under Third Circuit LAR 34.1(a)
SEPTEMBER 6, 2005

Before: ALITO, SMITH AND COWEN, <u>CIRCUIT JUDGES</u>

(Filed October 25, 2005)

_____

OPINION
_____

PER CURIAM

Frankie Thomas was convicted of armed bank robbery and use of a firearm in

relation to a violent crime. In 1996 the District Court sentenced him to consecutive terms

of 262 months' and sixty months' imprisonment respectively. In calculating Thomas's bank robbery sentence the court added three points under USSG §§ 4A1.1(d) and (e) because he committed the robbery while on parole from a state sentence.

The following year, while Thomas was serving his federal sentence, the Bureau of Prisons received a request from the Pennsylvania Parole Board for a detainer against Thomas for the parole violation arising out of the bank robbery. The BOP deemed the request to have complied with BOP policy and procedures and honored it accordingly; a detainer remains in effect against Thomas unless and until the Parole Board authorizes its removal in writing, and he will be returned to state custody for a parole violation hearing after he has served his federal sentence.

In 2005 Thomas filed a habeas corpus petition pursuant to 28 U.S.C. § 2241. According to Thomas, the detainer altered his custody classification with the BOP and thereby rendered him ineligible for participation in various programs, for certain good-time credits, and for placement in a Community Correctional Center. He argues that the detainer violates the Supremacy Clause because when Congress enacted the Sentencing Reform Act of 1984 and established the sentencing guidelines, notably USSG §§ 4A1.1(d) and (e), it intended to preempt state law with regard to prisoners whose crimes both violated federal criminal law and their state parole. Thus, when the District Court enhanced Thomas's sentence under USSG §§ 4A1.1(d) and (e), Pennsylvania was barred from punishing him for the parole violation. He also argues that the BOP has violated its

2

procedures, set forth in BOP Program Statement 5800.13 ¶ 703, in accepting the detainer. As relief, Thomas "seeks immunity from the . . . detainer subjecting him to jeopardy."

Noting that Thomas has cited no case law or statutory comment in support of his argument, the District Court rejected his claim citing the "dual sovereignty" doctrine, pursuant to which both the federal government and a state government can punish violations of their respective laws arising out of the same acts. Enhancement of Thomas's federal sentence was an appropriate response to his recidivism, while Pennsylvania has a legitimate interest in punishing parole violations. Moreover, Thomas has not shown how the effects, if any, of the detainer on the execution of his federal sentence violate his due process rights. Thomas filed documents which the court construed collectively as a motion for reconsideration. After the court denied the motion, Thomas appealed.[1]

# I

We agree with the District Court that Thomas's petition is meritless. Thomas has provided no support for his contention that Congress intended, though USSG § 4A1.1, to deny states the authority to punish parole violations. We note that although Thomas presents his argument in terms of the Supremacy Clause, it could also be construed as a double jeopardy argument. Either way, it fails, and for the same reason:

---

[1] We have jurisdiction under 28 U.S.C. § 1291. Our review is plenary. Bakhtriger v. Elwood, 360 F.3d 414 (3d Cir. 2004).

3

[T]he [Supreme] Court has uniformly held that the States are separate sovereigns with respect to the Federal Government because each State's power to prosecute is derived from its own 'inherent sovereignty,' not from the Federal Government . . . . It follows that an act denounced as a crime by both national and state sovereignties is an offense against the peace and dignity of both and may be punished by each."

Heath v. Alabama, 474 U.S. 82, 89 (1985). That being so, enhancing Thomas's federal sentence under USSG § 4A1.1 did not preclude Pennsylvania from lodging a detainer against him as a parole violator.

Nor is there merit in any of Thomas's other arguments. To the extent that he alleges that the procedures for lodging the detainer were not properly followed, the attachments to his petition indicate otherwise.[2] Accordingly, we will affirm the judgment of the District Court. The motion for appointment of counsel is denied.

---

[2] We need not reach the appellees' argument that Thomas should have pursued an action against the pertinent state authorities instead of filing his section 2241 petition.